**V I R G I N I A:**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

---

| | |
|---|---|
| ISKANDARI SHAMSI, | \* |
| Plaintiff, | \* |
| v. | \* Case no. |
| LAITH & AMR, INC., | \* |
| TALEB ALFAOURI, | \* |
| and | |
| KADER ALFAOURI | |
| Defendant. | |

---

**Serve: LAITH & AMR, INC.**
**Kader Alfaouri**
**4475 S Laburnum Ave**
**Richmond, VA 23231**

**Serve: Taleb Alfaouri**
**7365 Sandy Lane,**
**Mechanicsville, VA 23111**

**Serve: Kader Alfaouri**
**4475 S Laburnum Ave**
**Richmond, VA 23231**

### CIVIL ACTION COMPLAINT

COMES NOW Plaintiff, ISKANDARI SHAMSI ("Shamsi" or "Plaintiff") and respectfully files the following Complaint against Defendants LAITH & AMR, INC. ("Laith & Amr"). KADER ALFAOURI ("KADER") and TALEB ALFAOURI ("TALEB") (collectively "Defendants"), setting forth the following in support thereof:

### INTRODUCTION

1.      Plaintiff institutes this action to recover damages in the form of unpaid overtime compensation as a non-exempt employee under the Fair Labor Standards Act, 29 U.S.C. 201 ("FLSA"), *et. seq*. Defendants have consistently failed to provide adequate overtime compensation in direct violation of the FLSA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of Plaintiff's claims pursuant to 29 U.S.C. § 201, *et seq*.; 29 U.S.C. § 216, 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a).

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(ii) because the Defendants transact business in this District, Defendants employed the Plaintiff in this District, and all of the actions complained of were conducted within this District.

## PARTIES

4.      The foregoing paragraphs are incorporated herein in their entirety.

5.      Plaintiff was employed by Defendants from 2011 until early 2020. Defendants are operating as the franchisee for a 7-11 store in Henrico, Virginia. Plaintiff has been working at this store since 2011, performing various duties including but not limited to stocking, cashiering, cooking, accepting deliveries. He has consistently worked fifty (50) to sixty (60) hour workweeks. The Plaintiff at all times relevant hereto was an "employee" as that term is defined by 29 U.S.C. §203 (e).

6.      Defendant Laith & Amr is a corporation registered to do business in the Commonwealth of Virginia that owns and operates the 7-11 store in question (store no. 34136B) (herein after "the store"). Defendant Laith & Amr's address of registration is 4475 S Laburnum Avenue, Richmond, Virginia 23231. Defendant is an employer as defined by 29 U.S.C. §203(d).

7.      The Defendant Taleb Alfaouri ("Taleb") at all times relevant hereto was an "employer" as that term is defined by 29 U.S.C. §203 (d).[1] In particular, Defendant Taleb is a manager of Defendant Laith & Amr, appears on a frequent, almost daily basis at the store location where

---

[1] **(d)** "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency….

Plaintiff is working, controls significant aspects of the Plaintiff's operations, including but not limited to the hiring and firing of employees, supervising daily activities, and controlling working and delivery schedules.

8.     The Defendant Kader Alfaouri ("Kader") at all times relevant hereto was an "employer" as that term is defined by 29 U.S.C. §203 (d). In particular, Defendant Kader is the owner of Defendant Laith & Amr, appears on a frequent, almost daily basis at the store location where Plaintiff is working, controls significant aspects of the Plaintiff's operations, including but not limited to the hiring and firing of employees, running payroll, and controlling working and delivery schedules, assigning daily duties to employees.

9.     The Defendant Ali Alfaouri ("Ali") at all times relevant hereto was an "employer" as that term is defined by 29 U.S.C. §203 (d). In particular, Defendant Taleb is a store supervisor of Defendant Laith & Amr, appears on a frequent, almost daily basis at the store location where Plaintiff is working, controls significant aspects of the Plaintiff's operations, including but not limited to the hiring and firing of employees and supervising daily activities.

10.    In establishing the unlawful pay scheme at issue in this case, Defendants were motivated by their blatant desire to avoid paying an overtime premium to Plaintiff as required by the FLSA.

11.    Based on information and belief, at all relevant times Defendants' annual gross sales volume as defined by the FLSA have been in excess of $500,000 per year.

## FACTUAL ALLEGATIONS

12.    The foregoing paragraphs are incorporated herein as if set forth in their entireties.

13.    Plaintiff was hired by Defendants as a general employee in or around 2011. Plaintiff does not have the authority to hire or fire other employees.

14.    Throughout his employment with Defendants, Plaintiff has worked over forty (40) hours per week. Typically, Plaintiff works between fifty (50) and sixty (60) hours per week, with a schedule which varied weekly.

15.    As reflected on the attached pay stubs ("Exhibit A"), Plaintiff has only been compensated for his work at straight time despite working more than forty (40) hours per week. Defendant has also omitted any information relating to the number of hours worked by Plaintiff, ostensibly in an attempt to obfuscate the reality that they were operating in flagrant violation of the FLSA.

16. From September 2012 to November 2012, Plaintiff was directed by Defendants to conduct payroll on their behalf. Defendants instructed Plaintiff to input the hours worked by the employees into a category entitled "miscellaneous," which does not provide for the accounting of overtime pay.

17. Defendants employ both American citizens and non-citizens, with non-citizens being the only ones permitted to work overtime. Additionally, only the pay stubs of the American citizens reflected the hours worked. While employees are regularly permitted access to their paystubs, they are not provided access to their own weekly schedules.

18. Plaintiff's work at the store is repetitive, requiring little skill or training.

## OVERTIME COMPENSATION

19. The foregoing paragraphs are included herein as if set forth in their entirety.

20. Defendants routinely and consistently required Plaintiff to work over forty hours per week.

21. The FLSA requires an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in one work week over forty hours. This is commonly known as the time-and-a-half pay for overtime work.

22. Despite working overtime, the Plaintiff was not paid overtime by Defendants.

## WILLFUL VIOLATIONS

23. The foregoing paragraphs are included herein as if set forth in their entirety.

24. Defendants knew or should have known that Plaintiff is a non-exempt employee subject to protections under the FLSA.

25. Defendants have never claimed that the FLSA laws do not apply to Plaintiff, or that the Plaintiff is subject to any exemption from these requirements.

26. On information and belief, and in violation of the FLSA, Defendants did not, during all relevant times, post the FLSA laws in an area alerting the Plaintiff of his rights to payment for time worked and to overtime pay under the FLSA.

27. Consequently, the Plaintiff was, until very recently, never aware that the FLSA provided for compensation for time actually worked rather than an arbitrary determination and for time

and one-half pay for overtime worked or that he was owed compensation for actual time worked and time and one-half pay for overtime worked.

28. Defendants led the Plaintiff to believe that his regular pay was paid in conformity with the FLSA.

29. Defendants willfully, deliberately and intentionally failed to pay the Plaintiff for time actually worked and for time and one-half overtime wages for their hours worked over forty in any workweek.

30. The Plaintiff is therefore owed time-and-a-half overtime wages as well as back wages, due to Defendant's numerous and willful FLSA violations.

## CAUSE OF ACTION

(Fair Labor Standards Act)

31. The foregoing paragraphs are included herein as if set forth in their entirety.

32. Defendants regularly engage in commerce and their employees handle and use goods, which have moved in interstate commerce.

33. At all relevant times, Defendants were and are considered to be employers within the meaning of the FLSA and thus subject to the provisions of the FLSA.

34. The Plaintiff, at all relevant times, was and is an employee of Defendant pursuant to the FLSA.

35. During the period of time that the Plaintiff was employed by Defendants, the Plaintiff performed work for which he was not compensated and, in addition, performed regular, scheduled overtime work for which no additional compensation was paid to him by Defendants in violation of the provisions of the FLSA. More specifically, Defendants violated § 7 of the FLSA by failing to pay time and one-half overtime wages to hourly non-exempt employees, including the Plaintiff who earned overtime pay.

36. The Defendants' failure to compensate the Plaintiff for all compensable hours violates the minimum wage provisions of the FLSA and the regulations thereunder.

37. The Defendants' failure to properly administer a scheme of compensation, including but not limited to, overtime and/or comp time compensation violates the overtime provisions of the FLSA and the regulations thereunder.

38. The Defendants' failure to compensate the Plaintiff for all compensable hours was a willful and knowing violation of the FLSA.

39. As a result of the Defendants' willful and knowing failure to properly compensate the Plaintiff, the Plaintiff has suffered substantial delays in receipt of wages owed and damages.

40. The Defendants' failure to properly administer a compensation scheme for overtime was a willful and knowing violation of the FLSA.

41. Pursuant to 29 U.S.C. §§ 207 and 216, Defendants owe the Plaintiff compensation for his overtime work, an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff seeks judgment against Defendants as follows:

1. That the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiff;

2. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

3. That Defendants be enjoined from further violations of the Fair Labor Standards Act;

4. That the Plaintiff recover unpaid overtime wages together with an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b).

5. That the Plaintiff recover an award of reasonable attorney's fees, costs, and expenses;

6. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief.

7. Plaintiff further prays for such additional relief as the interests of justice may require.

    Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

ISKANDARI SHAMSI,

By Counsel

_____/s/_____
Thomas F. Hennessy (VSB No. 32850)
**THE HENNESSY LAW FIRM, PLLC**
*Counsel for Plaintiff*
4015 Chain Bridge Road, Suite G
Fairfax, Virginia 22030
Phone: (703) 865-8836
Fax:    (703) 865-7633
thennessy@virginiawage.net

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of June, 2020, I electronically filed the foregoing Complaint with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to any counsel of record.

_____/s_____
Thomas F. Hennessy, Esq.
**THE HENNESSY LAW FIRM, PLLC**